# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY SHORT, ANTHONY MAGNOTTA, and BRADLEY HACKETT, | : : : : | No. 4:16-CV-02268 |
| Plaintiffs, | : : | (Judge Brann) |
| v. | : : | |
| LAWRENCEVILLE BOROUGH AUTHORITY, | : : : | |
| Defendant. | : | |

**MEMORANDUM OPINION and ORDER**

AUGUST 2, 2017

Before the Court for final approval is the proposed award of attorneys' fees contained within the settlement agreement of the above captioned case. Having both reviewed the supplemental filing of Plaintiffs' counsel and performed a lodestar cross-check, I will approve this award of attorneys' fees.

**I.     BACKGROUND**

On November 9, 2016, Plaintiffs Timothy Short, Anthony Magnotta, and Bradley Hackett ("Plaintiffs") filed a Complaint against Defendant Lawrenceville Borough Authority alleging violations of (1) the Fair Labor Standards Act ("FLSA") as codified at 29 U.S.C. § 207, (2) the Pennsylvania Minimum Wage Law ("PMWL") as codified at 43 P.S. § 333.104(c), and (3) the Pennsylvania

Wage Payment and Collection Law ("PWPCL") as codified at 43 P.S. § 260.1 *et seq.*[1] Said violations relate to Defendant's alleged failure to pay Plaintiffs overtime compensation as required by federal and state law.[2] Defendant filed an Answer on January 9, 2017 denying these allegations.[3] Following an initial case management conference pursuant to Federal Rule of Civil Procedure 16, this case was assigned to this Court's mandatory mediation program on March 13, 2017.[4] On June 15, 2017, the parties reported that mediation had been successful and the case had fully resolved.[5] Plaintiffs filed an Unopposed Motion to Approve the Settlement Agreement on July 11, 2017.[6] By Memorandum and Order dated July 31, 2017, I granted Plaintiffs' Motion, but directed them to file documentation supporting their proposed award of attorneys' fees within fourteen (14) days of the date of the Order.[7] Plaintiff filed said documentation on August 1, 2017.[8]

## II. DISCUSSION

Pursuant to the Fair Labor Standards Act, the Court is authorized to award "a reasonable attorney's fee to be paid by the defendant, and costs of the action," in

---

[1] ECF No. 1.
[2] *Id.*
[3] ECF No. 6.
[4] ECF No. 13.
[5] ECF No. 14.
[6] ECF No. 16.
[7] ECF No. 18.
[8] ECF No. 19.

addition to any judgment awarded to the plaintiffs.[9]  When attorneys' fees in an FLSA action are awarded pursuant to a percentage-of-recovery method, the United States Court of Appeals for the Third Circuit has suggested that it is then "sensible" for district courts to "cross-check" that percentage-of-recovery calculation with a lodestar calculation.[10]  This crosscheck is performed by dividing the proposed fee award by the lodestar calculation, resulting in a lodestar multiplier."[11]  To perform this cross-check, I must therefore first determine the proper lodestar figure.  To reach this calculation, the "initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on litigation times a reasonable hourly rate."[12]

### A. Reasonableness of Hours Billed

First, when calculating the hours reasonably expended, a district court "should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.' "[13]  Similarly, a court may also exclude hours when the evidence presented "inadequately documents the

---

[9] 29 U.S.C. § 216(b).

[10] *In re Prudential Ins. America Sales Practice Litig. Agent Actions*, 148 F.3d 283, 333 (3d Cir. 1998).

[11] *In re AT & T Corp. Sec. Litig.*, 455 F.3d 160, 164 (3d Cir. 2006).

[12] *Blum v. Stetson*, 465 U.S. 886, 888 (1984).

[13] *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001).

hours claimed."[14] Having reviewed the submitted documentation, the Court finds no reason to reduce the number of hours presented as expended by Kathryn L. Simpson, Esquire of Mette, Evans, & Woodside.

### B. Reasonableness of Hourly Rate

Second, I must also review the proposed hourly rates by "assess[ing] the experience and skill of the prevailing party's attorneys," and determining whether or not those fees are consistent with prevailing rates in the geographic area for similar services.[15] In making this determination, a fair starting point is the attorney's "usual billing rate."[16] Here, to justify the hourly rates she regularly charges, Plaintiffs' counsel submitted an Affidavit detailing her extensive qualifications and experience. Considering the prevailing market rate, the proffered documentation, and the experience of Plaintiffs' counsel, the Court finds that the hourly rates identified within the Affidavit are reasonable.

### C. Lodestar Multiplier

Based on the reasonable number of hours and the reasonable rate billed, the final lodestar calculation yields an award of $16,640.00 in attorneys' fees and $500.13 in costs.[17] When the proposed attorneys' fees award of $8,800.00 is then

---

[14] *Rode v. Dellarciprete*, 892 F.2d 1177, 1182–83 (3d Cir. 1990).

[15] *Id.* at 1183.

[16] *Pub. Interest Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995).

[17] ECF No. 19.

divided by the total lodestar calculation of $17,140.13, I find that a lodestar multiplier of 0.51 results, justifying approval of this fee award.

**AND NOW**, upon consideration of the Plaintiffs' Documentation in Support of Proposed Award of Attorneys' Fees and Costs (ECF No. 19), accompanying Affidavit of Kathryn L. Simpson, Esquire (ECF No. 19-1), and the above performed lodestar cross-check, **IT IS HEREBY ORDERED THAT** the proposed attorneys' fee award of $8,800.00, or 1/3 of the total settlement, is **APPROVED**.

The Clerk is directed to close the case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge